LARS T. FULLER (No. 141270)
SAM TAHERIAN (No. 170953)
JOYCE K. LAU (No. 267839)
THE FULLER LAW FIRM, PC
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>RITCHIE R. ALGER<br><br><br>Debtor | CASE No. 19-30871-HLB<br><br>AP Case No. 19-03057-HLB<br><br>Chapter 13 |
| LAURENCE LUA<br><br>Plaintiff<br><br>Vs.<br><br>RITCHIE ALGER<br><br>Defendant | **DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS ADVERSARY PROCEEDING PURSUANT TO FRCP 12(B)(6)**<br><br>Date: February 6, 2020<br>Time: 2:00 PM<br>Location: N. Dist of CA Bankruptcy Court<br>    San Francisco Division<br>    450 Golden Gate Ave.<br>    San Francisco, CA 94102<br>Court room: 19<br>Judge: Hon. H. L. Blumenstiel |

COMES NOW Ritchie R. Alger, Debtor and Defendant herein, and submits this MEMORANDUM OF POINTS AND AUTHORITIES in support of his MOTION TO DISMISS.

**I. REQUEST FOR JUDICIAL NOTICE**

1

Pursuant to FRE 201, Defendant requests that this court take Judicial Notice of the entire court file herein, including the underlying bankruptcy petition as well as the adversary proceeding.

## II. CODE CITATIONS

All code sections cited herein are to Title 11 of United States Code, unless specifically noted otherwise.

## III. FACTUAL BACKGROUND

The facts herein are as stated in the Adversary Proceeding Complaint ("AP.") Although Defendant disputes many of the allegations of the AP, and stresses that nothing herein should be deemed an admission of any of the AP's allegations, for purposes of this motion, the allegations of the AP must be deemed as true.

Plaintiff alleges that in two separate transactions, he loaned Defendant monies totaling $11,500. The debt was evidenced by a notarized promissory note executed after the fact, and bearing interest at 25% APR. Defendant allegedly provided Plaintiff with a vehicle pink slip, and post-dated checks. Defendant further promised Plaintiff that Defendant would work for Uber to pay the debt off.

Plaintiff alleges that the debt was never paid off, and that the debt is not dischargeable because it is a debt incurred by fraud and/or embezzlement and/or larceny because:

- Debtor provided post-dated checks,
- Debtor provided a vehicle pink slip claiming the vehicle was in Debtor's possession,
- Debtor assured Plaintiff that Debtor would drive for Uber to pay off the debt,
- Debtor had a prior chapter 7 discharge in 2012 and a dismissed chapter 13 in 2017,
- Debtor presented himself as financially stable, living in an affluent neighborhood and co-owned a limousine company, and

- Debtor allegedly was charged with a swindling offense in the Philippines.

## IV. PROCEDURAL BACKGROUND

On August 16, Debtor filed the instant chapter 13 petition. Plaintiff timely filed an Adversary Proceeding, seeking a judgment excluding Plaintiff's debts under §523(a)2(A) and (a)(4).

## V. LEGAL ANALYSIS

### A. STANDARD FOR MOTION TO DISMISS

A defendant may move for dismissal where a plaintiff's complaint fails to state a claim upon which relief can be granted. FRCP 12(b)(6).

### B. PLAINTIFF'S FIRST CAUSE OF ACTION FAILS TO STATE A CLAIM BECAUSE FRAUD IS NOT ALLEGED WITH SUFFICIENT SPECIFICITY

FRCP 9 incorporated into bankruptcy adversary proceedings via FRCP 7009, requires that fraud be plead with particularity. This "requires that a party state with particularity the circumstances constituting fraud." *Coady v. IndyMac Bancorp, Inc.* (9th Cir., 2014) (finding, for example, that plaintiff's bare-bone allegation that an auditing firm "fraudulently certifying that IndyMac's internal controls … were effective in all material respects" failed to state with particularity how any of the internal control problems rose to the level of material weakness.

Similarly, in *Hamagaki v. Apple, Inc. (In re Iphone 4S Consumer Litig.)* (9th Cir., 2016) the 9th Circuit found that plaintiff's bare-bone allegation that Apple's Sirri demonstration failed to match up with Plaintiff's experience was insufficient to satisfy the heightened requirement of FRCP 9.

Here, Plaintiff must demonstrate five elements to prevail on any claim arising under § 523(a)(2)(A). See, e.g., <u>Anastas v. American Sav. Bank (In re Anastas)</u>, 94 F.3d 1280, 1284 (9th Cir. 1996). The five elements are:

(1) the debtor made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the creditor; (4) that the creditor justifiably relied on such representations; (5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made.

See also, <u>American Express Travel Related Servs. Co. v. Hashemi (In re Hashemi)</u>, , 104 F.3d 1122, 1125 (9th Cir. 1996). <u>Landmark Home Mortg., Inc. v. Gonzales (In re Gonzales)</u> (Bankr. N.D. Cal. 2014).

Looking at each of the purported allegations of fraud, Plaintiff's complaint falls short:

- <u>Debtor provided post-dated checks:</u> Plaintiff has failed to allege any facts to indicate that at the time Debtor provided the post-dated checks, he knew that there would be no funds available in the account,

- <u>Debtor provided a vehicle pink slip claiming the vehicle was in Debtor's possession</u>: Plaintiff has failed to allege any facts to indicate that Debtor knew that the vehicle was not in his possession at the time. Moreover, Plaintiff has failed to allege that he ever perfected his purported security interest in the vehicle by complying with, *inter alia*, Cal. Vehicle Code §6300 *et seq*. Therefore, Plaintiff has not, and cannot, show that he suffered any damages that were proximately caused by accepting the pink slip.

- <u>Debtor assured Plaintiff that Debtor would drive for Uber to pay off the debt</u>: Again, Plaintiff has failed to allege any facts to support the contention that at the time Debtor made the alleged representation, he had no intention of working for Uber.

- <u>Debtor had a prior chapter 7 discharge in 2012 and a dismissed chapter 13 in 2017</u>:

Plaintiff has failed to allege any facts to support his contention that there was any false representation actually made by Debtor. Moreover, bankruptcy filings are matters of public record, and therefore, Plaintiff cannot show justifiable reliance on Debtor's purported false statements when Plaintiff could have simply checked public records.

- <u>Debtor presented himself as financially stable, living in an affluent neighborhood and co-owned a limousine company</u>: Plaintiff's allegations that Debtor "presented himself as financially stable" falls woefully short of the "specificity" requirement of FRCP 9. The only supporting factual allegations, (that Debtor lived in an affluent neighborhood and co-owning a limousine company) are, apparently, truthful. Plaintiff has not alleged falsity. Nor can he.

- <u>Debtor allegedly was charged with a swindling offense in the Philippines</u>.: Plaintiff has failed to allege that Debtor made any actual false representations, or that Plaintiff justifiably relied upon those representations.

In the instant case, Plaintiff alleges only that "Defendants intentionally failed to disclose certain facts." This clearly falls short of the heightened pleading requirements in a fraud cause of action.

C. <u>PLAINTIFF'S SECOND CAUSE OF ACTION FAILS BECAUSE NO FIDUCIARY RELATIONSHIP OR LARCENY HAS BEEN (OR CAN BE) ALLEGED</u>

Plaintiff's second cause of action alleges that the debt should be excepted from discharge because it was a debt for fraud or defalcation in a fiduciary capacity, embezzlement, or larceny.

1- <u>Plaintiff has not, and cannot, allege the existence of a fiduciary relationship:</u>

Under California law, "A fiduciary relationship is any relation existing between parties to a transaction wherein one of the parties is in duty bound to act with the utmost good faith for the

5

benefit of the other party. Such a relation ordinarily arises where a confidence is reposed by one person in the integrity of another" [Wolf v. Superior Court (2003) 107 Cal.App.4th 25, 29 [130 Cal.Rptr.2d 860], internal citations omitted.]

Listed below are the main relationships under which California recognizes fiduciary obligations:

- principal and agent, including real estate broker/agent and client (Smith v. Zak (1971) 20 Cal.App.3d 785, 792-793),
- stockbroker and customer (Black v. Shearson, Hammill & Co. (1968) 266 Cal.App.2d 362, 367);
- attorney and client (Rader v. Thrasher (1962) 57 Cal.2d 244, 250);
- partners (Koyer v. Willmon (1907) 150 Cal. 785, 787-788; Corp. Code, §16404);
- joint venturers (Sime v. Malouf (1949) 95 Cal.App.2d 82, 98);
- corporate officers and directors, on the one hand, and the corporation and its shareholders, on the other hand (Bancroft-Whitney Co. v. Glen (1966) 64 Cal.2d 327, 345);
- husband and wife, with respect to the couple's community property (Vai v. Bank of America (1961) 56 Cal.2d 329, 337;
- controlling shareholders and minority shareholders (Jones v. H. F. Ahmanson & Co. (1969) 1 Cal.3d 93, 108-112 (Jones));
- trustee and trust beneficiary (Estate of Vokal (1953) 121 Cal.App.2d 252, 257);
- guardian and ward (Estate of Kay (1947) 30 Cal.2d 215, 226; Prob. Code, § 2101);
- pension fund trustee and pensioner beneficiary (Lix v. Edwards (1978) 82 Cal.App.3d 573, 578);
- executor and decedent's estate (Estate of Boggs (1942) 19 Cal.2d 324, 333);
- trustee and trust beneficiaries. (Penny v. Wilson (2004) 123 Cal.App.4th 596

6

Case: 19-03057    Doc# 8-1    Filed: 12/17/19    Entered: 12/17/19 13:29:20    Page 6 of 9

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95125
(408) 295-5595

Most notably, California law does *not* recognize a fiduciary obligation between creditor and debtor, nor between debtor and creditor, regardless of whether the debtor pledges some security as collateral:

- Kim v. Sumitomo Bank (1993) 17 Cal.App.4th 974. No fiduciary relationship between a bank and its borrowers,

- Pittelman v. Pearce (1992) 6 Cal.App.4th 1436. No fiduciary relationship between a corporation and its bondholders,

Nor is a fiduciary relationship created in normal, arm's length commercial transactions. City of Hope v. Genetech 43 Cal. 4th 375, 181 P.3d 142, 75 Cal. Rptr. 3d 333 (Cal .Sup Court 2008) (No fiduciary relationship between a party that licensed technology from another)

The Genentech opinion clearly lays out the basis for creation a fiduciary relationship in California:

> "[B]efore a person can be charged with a fiduciary obligation, he must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law." Genetech, citing (Committee on Children's Television, Inc. v. General Foods Corp. (1983) 35 Cal.3d 197, 221, 197 Cal.Rptr. 783, 673 P.2d 660 (Children's Television ).

Examining (in reverse order) the two distinct bases set forth in Genentech we find that neither is satisfied:

First, there is no California precedent imposing a fiduciary relationship between creditor and debtor.

Second, the complaint does not allege, and cannot reasonably allege (in light of FRCP 11) that Defendant borrowed the alleged funds "with the view of acting primarily for the benefit of

7

Case: 19-03057    Doc# 8-1    Filed: 12/17/19    Entered: 12/17/19 13:29:20    Page 7 of 9

(Plaintiff)" According to the California Supreme Court, this is the standard needed to create a fiduciary relationship via contract. *Genentech* at ___. It cannot be disputed that a loan bearing 25% interest benefitted Plaintiff as well as Debtor.

2- <u>Plaintiff has not, and cannot, allege larceny:</u>

Bankruptcy courts look to the federal common law to define larceny for purposes of § 523(a)(4). <u>In re Ormsby</u>, 591 B.R. 1199, 1206 (9th Cir. 2010). Federal common law defines larceny as a "felonious taking of another's personal property with intent to convert it or deprive the owner of the same." See <u>id</u>. (quoting 4 Collier on Bankruptcy ¶ 523.10[2] (15th ed. rev. 2008)) (internal quotations omitted). "Larceny is distinguished from embezzlement in that the original taking of the property was unlawful." <u>In re Montes</u>, 177 B.R. 325, 332 (C.D. Cal. 1994). <u>Bd. of Trs. v. Quinones (In re Quinones)</u> (Bankr. N.D. Cal. 2015)

Here, Plaintiff has alleged that he loaned monies to Debtor. This was a voluntary process, and was lawful. Given these facts, Plaintiff has not, and in light of FRCP 11, cannot, allege that the original taking of the money was unlawful.

## VI. CONCLUSION

Because no fiduciary relationship existed between the parties, and because Debtor's original taking of Plaintiff's funds was a voluntary creditor-debtor transaction, neither a fiduciary obligation nor larceny has been alleged. The Second Cause of Action must be dismissed. Since Plaintiff cannot, in light of FRCP 11, allege the elements of a fiduciary obligation or larceny, the dismissal must be with prejudice.

As to the First Cause of Action, the complaint falls woefully short of pleading the elements of fraud with specificity. The First Cause of Action must be dismissed. Unless counsel for plaintiff can make a good faith showing that she can, in light of FRCP 11, amend the complaint to add

8

factual allegations that are not conclusory and boiler-plate, then the dismissal should be with prejudice.

Respectfully submitted,

DATED: December 17, 2019          THE FULLER LAW FIRM, PC


By:  /s/ *Sam Taherian*
     SAM TAHERIAN, ESQ.
     Attorneys for Defendants